NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARLAN HILMAN; EKA PRATISTHANI ANAK AGUNG AYU, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-75212 <br><br> Agency Nos.  A097-607-017 <br> A097-607-018 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Harlan Hilman and Eka Pratisthani Anak Agung Ayu, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's denial of past persecution because Hilman did not establish his father mistreated him on account of his Christian religion, *see Ochave v. INS*, 254 F.3d 859, 865-66 (9th Cir. 2001) (requiring alien to establish nexus between alleged persecution and a protected ground), and because he did not show his mistreatment by classmates and teachers rose to the level of persecution, *see Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (record did not compel finding that Ukrainian Pentecostal Christian who was "teased, bothered, discriminated against and harassed" suffered from past persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1181-82 (9th Cir. 2003) (lifetime of harassment, threats, and mistreatment including one beating did not compel finding of past persecution). In the absence of past persecution, petitioners' humanitarian asylum claim necessarily fails. *See* 8 C.F.R. § 1208.13(b)(1)(iii). Because Hilman failed to demonstrate past persecution, we reject his contention that he is entitled to a presumption of a well-founded fear of persecution.

Substantial evidence also supports the BIA's determination that Hilman did not demonstrate a well-founded fear of persecution due to either his Christianity or his United States citizen son. *See Halim v. Holder*, 590 F.3d 971, 977-78 (9th Cir. 2009).

Because Hilman failed to satisfy the lower burden of proof for asylum, he necessarily failed to meet the higher clear probability standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of Hilman's CAT claim because he did not establish it is more likely than not he will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**